IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERCEDES HUSA,

      Plaintiff,                    No. CIV S-05-0915 KJM

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.               <u>ORDER</u>

_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated August 19, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of Hepatitis C but this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform medium work; plaintiff cannot perform her past relevant work; and using the Medical-Vocational Rules 203.22 and 203.29, plaintiff is not disabled. Administrative Transcript ("AT")16-17. Plaintiff contends the ALJ improperly

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

assessed the severity of her impairments, improperly discredited her testimony, should have obtained the testimony of a vocational expert, and failed in his duty to develop the record.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

   A. Step Two Analysis

Plaintiff contends the ALJ improperly assessed the severity of her impairments and failed to consider all of them in combination. An impairment is "not severe" only if it

1  "would have no more than a minimal effect on an individual's ability to work, even if the
2  individual's age, education, or work experience were specifically considered." SSR 85-28.  The
3  purpose of step two is to identify claimants whose medical impairment is so slight that it is
4  unlikely they would be disabled even if age, education, and experience were taken into account.
5  Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis
6  screening device to dispose of groundless claims."  Smolen v. Chater 80 F.3d 1273, 1290 (9th
7  Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Impairments
8  must be considered in combination in assessing severity.  20 C.F.R. § 404.1523.

9         Plaintiff argues the ALJ failed to recognize as severe a number of alleged
10 impairments and also failed to consider them in combination.  Although the burden is on plaintiff
11 at step two of the sequential evaluation, see Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998),
12 counsel for plaintiff has offered no meaningful argument in support of the claim that the ALJ
13 erred at step two.  A mere recitation of medical symptoms and diagnoses does not demonstrate
14 how each of the conditions included in that recitation impacts plaintiff's ability to engage in basic
15 work activities.  Moreover, contrary to plaintiff's assertion that the ALJ failed to consider
16 plaintiff's chronic liver disease, the ALJ specifically found plaintiff had a severe impairment
17 from hepatitis C, a form of liver inflammation.  AT 16 (Finding no. 2).  Plaintiff's complaints of
18 fatigue and low grade fevers were properly evaluated within the context of this severe
19 impairment.  AT 139-143.  The ALJ also considered that although plaintiff reported poor
20 appetite, her weight had remained stable.  AT 14.  In assessing the severity of plaintiff's claimed
21 impairments, the ALJ relied on the findings of the consultative examiner, Dr. Borigini, who
22 found normal neurological function with no pain evident during examination and who limited
23 plaintiff to medium work only because of a possible ascites issue.  AT 90-93.  Although plaintiff
24 had cutaneous ulcers when examined in May and October 2003, the ulcers were healing over by
25 November 2003.  AT 91, 120, 128.  Although plaintiff also now contends she has a severe
26 impairment of depression, plaintiff did not initially claim depression as a basis for disability and

4

was not treated for the condition. AT 45, 127-128 (plaintiff slightly depressed on initial presentation but spirits improved by end of examination; no treatment prescribed).[2] There was no error in the step two analysis.

B.  Credibility

Plaintiff also contends the ALJ improperly discredited her testimony regarding pain, fatigue, and difficulty walking, sitting, and lifting. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure

---

[2] Although the internal medical consultant noted a "history of depression," there is no evidence in the record supporting such a history. See AT 92, Impression #5.

to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).   The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

       Plaintiff testified she could not work because of back pain and that she could lift five pounds, sit twenty minutes and stand for thirty minutes.  AT 136, 139-140.  The ALJ found plaintiff was not totally credible.  In doing so, the ALJ considered the meager medical record, which demonstrated a dearth of objective findings.  AT 14, 91-92, 110-130.  The ALJ also factored into the credibility analysis plaintiff's minimal treatment history, which was inconsistent with the extreme limitations testified to by plaintiff.  AT 14.  Also considered was plaintiff's stated reason for seeking medical attention in October 2003, which was for the purpose of obtaining an examination for plaintiff's social security application, rather than for medical treatment.  AT 14, 125.  Plaintiff's sporadic work history and the inconsistency of plaintiff's statement regarding loss of appetite but no demonstrated weight loss also were considered by the ALJ in assessing plaintiff's credibility.  AT 14, 78, 91, 110.  The factors considered by the ALJ were all valid and supported by the record.  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

  C.  Grids

       Plaintiff further contends the ALJ should not have relied on the grids in determining plaintiff is not disabled because her limitations are nonexertional.  The Medical-Vocational Guidelines ("the grids") are in table form.  The tables present various combinations of

factors the ALJ must consider in determining whether other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns:  "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983).  The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.[3] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).

In this case, the ALJ properly relied on the grids because the ALJ found plaintiff could perform the full range of medium work.  AT 16 (Finding no. 5).  This finding is supported by substantial evidence.  AT 90-93, 97-104, 126-128.  Although plaintiff claims nonexertional limitations due to pain, nausea, manipulative restrictions and fatigue, the record, as discussed

---

[3] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling.  20 C.F.R. § 416.969a (b) (2003); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir.1989).
Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c) (2003); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)).  "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

1  above, does not support such restrictions.  There was no error in relying on the grids to find
2  plaintiff was not disabled.

      D.  Development of the Record

         Finally, plaintiff contends the ALJ did not properly develop the record because records referenced by plaintiff were not obtained by the ALJ.  Disability hearings are not adversarial.  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when claimant is represented).  Evidence raising an issue requiring the ALJ to investigate further depends on the case.  Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir.1991).  "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288).

         Other than the bare statement in plaintiff's application that she was treated at Capitol Health Clinic from July 2001 to October 2002, there is no indication that plaintiff in fact was treated during this time period.[4]  AT 48.  The ALJ noted that attempts to obtain these records were unavailing and the records were neither provided by plaintiff's counsel at the administrative level nor in the instant action.  AT 12; see 20 C.F.R. § 416.912(c) (plaintiff must provide medical evidence of impairments).  Because of the lack of medical records, as required under the regulations, a consultative exam was obtained.  AT 12-13; see 20 C.F.R. §§ 416.912(f), 416.917. Because the medical records pertain to a time period prior to the one at issue and plaintiff has failed to provide them for review either administratively or by the court, and in light of the

/////

---

[4] Because plaintiff's application for supplemental security income is at issue, the date of her application, March 17, 2003, is considered to be the alleged disability onset date.  AT 11.

1  consultative examination, there was no duty to further develop the record.  See 20 C.F.R.
2  § 416.916 (decision will be based on information available).
3  　　　　　The ALJ's decision is fully supported by substantial evidence in the record and
4  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:
5  　　　　　1.  Plaintiff's motion for summary judgment or remand is denied, and
6  　　　　　2.  The Commissioner's cross-motion for summary judgment is granted.
7  DATED:  September 20, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
husa.ss